UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Abdelhamid Isa,

        Plaintiff,

                                        Case No. 13-cv-11284

v.                                        HON. GERSHWIN A. DRAIN

Law Office of Timothy Baxter
& Associates,

        Defendant.
_____/

**<u>Order Denying Defendant's Motion for Stay of Execution and Relief From Judgment [#15]</u>**
**<u>without a Hearing</u>**

## I. Introduction

On March 22, 2013, Plaintiff Abdelhamid Isa filed the instant action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and Michigan's Collection Practices Act, MICH. COMP. LAWS §445.251 *et seq.* ("MCPA") against Defendant Law Offices of Timothy Baxter & Associates, P.C. The complaint stems from a state court judgment declaring that Plaintiff owed Defendant's client Atlantic Credit and Finance Special Finance Unit III, LLC ("Atlantic") in the amount of $12,813.89. Defendant offered a judgment in the case on April 11, 2013. In the instant case, Defendant made a Rule 68 Offer of Judgment on April 11, 2013, and the Court entered a Judgment in the amount of $1,450.00 the following day. *See* Dkt. No. 5. The Court also granted Plaintiff's Motion for Attorney's Fees totaling $2,636.00. *See* Dkt. No. 14.

Presently before the Court is Defendant's Motion for Stay of Execution and for Relief from the Judgment of this Court, filed on September 3, 2013. This matter is fully briefed and a hearing is scheduled for October 28, 2013. Pursuant to Local Rule 7.1(f)(2), the court will not hold a hearing on this matter. For the reasons that follow, the Court will DENY Defendant's Motion.

## II.    Facts

On August 21, 2013, Plaintiff's counsel emailed Defendant's counsel regarding payment of this Court's judgment and attorney fee award. (Def.'s Rep. Ex. B). The next day, Atlantic obtained a Writ of garnishment for $12,813.89. (Def. Mot. Ex. 4). On September 23, 2013, Defendant paid Atlantic a sum of $4,092.87 purportedly representing full and complete satisfaction of both the $1,450.00 judgment and the $2,636.00 attorney fee award entered against Defendant.

## III.    Law and Analysis

Rule 60(b) of the Federal Rules of Civil Procedure offers losing parties limited grounds for relief from judgments.[1] *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007). Rule 60(b)(5) permits a court to relieve a party from a final judgment if "the judgment has been satisfied . . . or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). Generally, these grounds for relief stem from discovery of new information that was previously undiscoverable. *Olin Corp.*, 477 F.3d at 372. It is Defendant's burden to establish that "a significant change either in factual conditions or in law" renders prospective enforcement of the Court's judgment inequitable. *Northridge Church v. Charter Township of Plymouth*, 647 F.3d

---

[1] (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

606, 613-14 (6th Cir. 2011).  Further, "[i]f it is clear that a party anticipated changing conditions that would make performance of the decree more onerous, but nevertheless agreed to the decree, that party would have to satisfy a heavy burden to convince a court that it agreed to the decree in good faith, made a reasonable effort to comply with the decree and should be relieved of the undertaking under Rule 60(b)."  *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 385 (1992).

    The Sixth Circuit Court of Appeals has held:  "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present.  The something more . . . must include unusual or extreme situations where principles of equity mandate relief."  *Ford Motor Co. v. Mustangs Unlimited, Inc.,* 487 F.3d 465, 468 (6th Cir. 2007).  Because our public policy favors finality in judgments, relief under Rule 60(b)(6) is extremely limited.  *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992); *see also Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001) (In the absence of "extreme and extraordinary circumstances," the principles of equity do not mandate relief under Rule 60(b)(6)).

    Execution of district court judgments must comply with the laws of the state where the court is located, but federal statutes govern to the extent they apply.  FED R. CIV. P. 69(a)(1).  Michigan's Court Rules allow judgment creditors to execute judgments by garnishment.  Mich. Ct. Rule 3.101.  Michigan law gives courts the power to issue a writ of garnishment on the property of one whom a judgment is against that is in their possession or in the possession of a third party.  MICH. COMP. LAWS § 600.4011(1) (2013).

### A. Grounds for Relief Under 60(b)(5)

Defendant's Motion argues for relief from this Court's judgment under Rule 60(b)(5) because it satisfied the judgment by applying the amount this Court awarded the Plaintiff to monies Plaintiff currently owes to Atlantic. According to Defendant, this payment to Atlantic has satisfied this Court's judgment.

At the outset, the Court notes that Defendant's Reply Brief contained a new theory, not present in the original motion, upon which relief should be granted under Rule 60(b)(5). In the original motion, Defendant argued that enforcement of this action's judgment would be inequitable because Plaintiff owes Defendant's client, Atlantic, more than three times the amount of the judgment in this case. Defendant made the $4,092.87 payment to Atlantic on September 23, 2013, or nearly three weeks after it filed the present motion. Thus, Defendant's Reply Brief argues for the first time that the Court should relieve Defendant from the judgment herein because it has been satisfied.

To the extent Defendant continues to rely on the argument that it would be inequitable to enforce the judgment, Defendant has failed in its burden showing that a "significant change either in factual conditions or in law" renders prospective enforcement of the Court's judgment inequitable. *Northridge Church*, 647 F.3d at 613-14. At the time the parties entered their consent judgment, Defendant was clearly on notice that Plaintiff had yet to make any payments towards the state court judgment. Thus, there has been no significant change in the factual circumstances warranting relief under Rule 60(b)(5). Lastly, Defendant cannot rely on its payment to Atlantic as a change in circumstances sufficient to relieve Defendant of its obligation to pay the judgment. The change in circumstances was due solely to Defendant's conduct in remitting the payment to Atlantic, thus application of Rule 60(b)(5) is inappropriate. *See*

*Northridge*, 647 F.3d at 628 ("[H]ere the changed factual landscape stems mostly from [the plaintiff]'s growth—something entirely within its own power. To allow a party to escape a consent judgment based *on its own voluntary actions* strikes us as unjustified.") (emphasis in original).

Additionally, Defendant's argument that it has satisfied the judgment is without merit. Defendant argues state law gives Atlantic "an absolute right to issue its Writ of Garnishment to collect its judgment." In support of this assertion, Defendant cites a case in which a party garnished a creditor's bank account prior to obtaining a judgment. *Posselius v. First Nat'l Bank*, 264 Mich. 687, 688, 251 N.W. 429 (1933). In *Posselius*, the Michigan Supreme Court stated garnishment is a form of attachment and the garnishing party must execute the Writ of Garnishment after the court has entered a judgment. *Id*. at 690. Therefore, Defendant argues its actions are proper under Rule 69(a)(1) of the Federal Rules of Civil Procedure because Atlantic served the writ pursuant to state law after this Court entered its judgment.

Defendant cites no statutory or case law supporting its argument that it was entitled to pay the judgment award to Plaintiff's creditor, rather than Plaintiff. Rule 69(a)(1) states federal statutes govern to the extent they apply. Defendant's purported satisfaction of a FDCPA judgment undermines the purpose of the statute. Congress collected "abundant evidence" of deception, abuse, and unfairness among debt collectors. 15 U.S.C. §1692(a) (2012). Congress passed the FDCPA in reaction to the practices it discovered. 15 U.S.C. §1692(e). Congress' intention in passing the FDCPA was to provide for penalties to discourage debt collectors from engaging in abuse and deception. *Id*. The statute awards actual and statutory damages. *Beaudry v. Telecheck Services, Inc*., 579 F.3d 702, 706 (6th Cir. 2009) (citing §1692k(a)). Moreover, plaintiff need not show harm to receive actual damages. *Id*. Congress included an attorney's

fees provision in the FDCPA to ensure consumers would have access to competent attorneys in order to vindicate their rights under the statute. *Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x 442, 446 (6th Cir. 2009); *see also Geier v. Sundquist*, 372 F.3d 784,791 (6th Cir. 2004).

Defendant entered a judgment in lieu of filing an answer to Plaintiff's Complaint. Defendant does not deny violating the FDCPA or the MCPA. Defendant entered a consent judgment for statutory damages and attorney's fees. Defendant then paid those fees to the Plaintiff's creditor in satisfaction of the underlying debt. Defendant incorrectly claims this furthers the purpose of the FDCPA. Congress did not intend for collectors to engage in violations, enter judgments, and use state law on judgment execution to force payment to creditors. Allowing Defendant, the wrongdoer under the FDCPA, to pay the judgment directly to Plaintiff's creditor undermines the very purpose of the FDCPA. It in effect negates the FDCPA's purpose to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). It also undermines Congress' intent that consumers have access to competent counsel. If the Court were to permit Defendant to discharge its payment obligations in this manner, attorneys will decline to represent consumers if their fees will ultimately end up in the hands of the creditor. Accordingly, the FDCPA's stated purpose does not contemplate using a judgment to pay the underlying debt associated with the abusive debt collection practice as a remedy for a violation under the Act. Defendant is not entitled to relief from judgment under Rule 60(b)(5).

### B. Grounds for Relief Under Rule 60(b)(6)

In the alternative, Defendant argues applying the judgment prospectively is no longer equitable under the circumstances, and the principles of equity mandate relief. The law of this circuit is clear that relief under Rule 60(b)(6) is limited to extreme and ordinary circumstances. Defendant argues the Plaintiff's lack of payment to its client justifies its actions. Lack of

payment to a debt collector's client is neither extreme nor extraordinary in the context of the FDCPA. In fact, it is a basic element of the statute. In the absence of newly discovered information that was previously undiscoverable or an extreme and extraordinary occurrence relief under Rule 60(b)(6) is not proper.

### IV.    Conclusion

For the foregoing reasons, the Court will DENY Defendant's Motion [#15].

**IT IS SO ORDERED.**

Date: **October 21, 2013**                           /s/GERSHWIN A DRAIN
                                                     HON. GERSHWIN A. DRAIN
                                                     US DISTRICT COURT JUDGE